## HALL & *al. vs.* BEAN.

*William Bean,* being the owner of a farm, conveyed it to *Elijah Bean,* taking back a life lease of one half in .common, and afterward mortgaged the said undivided half to *Hall & Conant.* Subsequent to which, *Elijah Bean* mortgaged the whole to *Hall* alone. In an action by *Hall & Conant,* against *William Bean, Jr.,* to recover possession of one half, the latter pleaded special non tenure, averring that he held under *Elijah Bean,* who was tenant of the freehold. Evidence that the defendant said, on receiving a letter from *Hall,* alone, threatening a suit if he persisted in carrying on the farm, that he did not care for the title of *Hall,* and should go on as usual, was held not to be *conclusive* evidence to negative the plea.

THIS was a writ of entry, in which the demandants counted upon their own seizin within twenty years and a disseisin by the tenant, of one undivided moiety of a certain farm, lying in *Waterborough,* in this county.

The defendant pleaded the general issue, and filed a brief statement under the statute, embracing, substantially, a plea of *special non tenure;* avering that he held and occupied as tenant at will, under *Elijah Bean,* who was tenant of the freehold.

The demandants, to maintain the issue on their part, introduced a deed of mortgage, dated *March 14th,* 1827, from *William Bean,*

father of the defendant, conveying the demanded premises. Also, a deed of mortgage from *Elijah Bean* to *David Hall*, one of the demandants, dated *November* 26, 1828, conveying the whole farm, and describing it as the same that he purchased of his father, *William Bean*, and of which he gave the said *William Bean* a lease of one undivided half part during his natural life, and the life of his wife.

The demandant also proved, that the defendant had occupied the whole farm in common with *Elijah Bean*, since the year 1830, taking one half of the income of said farm.

They also proved by *Joseph Bean*, that *William Bean, Jr.,* the defendant, showed him a letter he had received from *Mr. Hall*, one of the demandants, in 1832; in which he, said *Hall*, stated that the respondent must not be put out with him, *Hall*, if he commenced a suit against him, the respondent, if he carried on the land any longer, — that the respondent laughed and said he was not afraid of *Hall's* title, and that he meant to continue and carry on the farm as he had done : — and that, at another time, when the respondent was at work upon the land, the same year, the respondent told the witness that he was not afraid of *Hall's* claim.

It was also proved that the whole farm was carried on and improved in common, by *William Bean* and *Elijah Bean*, from the year 1813 to 1830 — and since that time, in the same way by *William Bean, Jr.* and *Elijah Bean* — the father, *William Bean*, having that year left the premises and removed to *Parsonsfield*, to reside with another son.

*Elijah Bean* testified, that both his father and the defendant occupied the premises as aforesaid, by his consent and agreement.

The respondent introduced the deed before mentioned, from *William Bean* to *Elijah Bean*, dated *February* 1, 1813.

There were two counts in the writ, and the Chief Justice, who presided at the trial, ruled that upon the testimony, if true, the demandants could not maintain their action upon the first count, which the demandants, upon leave, struck out. As to the evidence applicable to the second count, the Judge ruled that the testimony of *Joseph Bean* was sufficient, if believed, to show that the defendant held the premises adversely to the demandants'

title, and as tenant of the freehold. If, in the opinion of the Court, this ruling was correct, the default, which was entered by consent, was to stand ; otherwise it was to be taken off, a new trial granted, and the plaintiff's first count to be restored.

*Howard,* for the tenant, argued against the correctness of the ruling of the Judge, at the trial, and cited the following authorities : *Knox* v. *Silloway,* 1 *Fairf.* 201 ; *McClung* v. *Ross,* 5 *Wheat.* 116 ; *Chapman* v. *Gray,* 15 *Mass.* 439 ; *Brown & al.* v. *Ward & ux.* 17 *Mass.* 68 ; *Higbee & al.* v. *Rice,* 5 *Mass.* 344 ; *Shephard* v. *Ryers,* 15 *Johns.* 501 ; 2 *Cruise,* 530 ; 3 *Wilson,* 118 ; 1 *Term Rep.* 758 ; *Fox & al* v. *Widgery,* 4 *Greenl.* 219 ; *Cumming* v. *Wyman,* 10 *Mass.* 464 ; *Tufts* v. *Seabury,* 11 *Pick.* 140 ; *Morton* v. *Fairbanks,* 11 *Pick.* 368 ; *Aylwin* v. *Ulmer,* 12 *Mass.* 22 ; *Tyler* v. *Ulmer,* 12 *Mass.* 169 ; *Benham* v. *Carey,* 11 *Wendell,* 473.

*Goodenow,* and *N. D. Appleton,* for the demandants, endeavored to maintain the correctness of the ruling of the Judge, citing the following authorities : *Proprs. Ken. Purchase* v. *Springer,* 4 *Mass.* 416 ; *Boston Mill Corporation* v. *Bulfinch,* 6 *Mass.* 229 ; *Porter* v. *Hammond,* 3 *Greenl.* 190 ; *Brigham* v. *Welch,* 6 *Greenl.* 376 ; 1 *Bur.* 110 ; *Dewey* v. *Brown,* 2 *Pick.* 387 ; *Somes* v. *Skinner,* 3 *Pick.* 52 ; *Davis* v. *Mason,* 4 *Pick.* 156 ; *Lamere* v. *Barker,* 10 *Johns.* 312 ; *Jones* v. *Ins. Co. of North America,* 4 *Dal.* 249 ; *Parlin* v. *Macomber,* 5 *Greenl.* 413 ; *Jackson on Real Actions,* 91, 95 ; 5 *Dane's Abr.* 382 ; *Willes' Rep.* 25 ; *Jackson* v. *Parkhurst & al.* 9 *Wendell,* 207.

PARRIS J. delivered the opinion of the Court.

As to the first ruling of the Judge, that upon the evidence introduced, the plaintiffs could maintain their action on the second count, it is unnecessary now to give an opinion, except so far as it relates to the character of the tenant's possession.

The demandants claim possession of an undivided moiety of the demanded premises, under a mortgage deed from *William Bean,* the father. The tenant, by a plea of special non tenure, alleges that, at the time of suing out the demandants' writ, he was not, and never since has been, tenant of the freehold, but then held and continues to hold and occupy the premises, as ten-

Hall & al. v. Bean.

ant at will under *Elijah Bean*, who is, and at the time of suing out the writ, was, and ever since has been, tenant of the freehold.

If the tenant succeed in supporting his plea by proof, he will shew conclusively that there is no cause of action, and will, therefore, be entitled to judgment.

The Judge ruled, that the testimony of *Joseph Bean*, if believed, was sufficient to show that the defendant held the premises as tenant of the freehold. By that testimony it was proved, that *William Bean, Jr.* the tenant, shew the witness a letter from *Hall*, one of the demandants, in which he stated that the "respondent must not be put out with him, *Hall*, if he commenced a suit against respondent, if he carried on the land any longer ; that the respondent said he was not afraid of *Hall's* title, that he meant to go on and carry on the land as he had done ;" and that, in a subsequent conversation, he said, " he was not afraid of *Hall's* claim." Now, this evidence taken by itself, without any reference to other facts in the case, would be sufficient, perhaps, to negative a plea of non-tenure. But it is to be kept in mind, that *Hall* had a claim to the premises, separate and distinct from that which he and *Conant* held under *William Bean*, the father. *Hall's* separate title was by mortgage from *Elijah Bean*, who continued in possession, and who testified, as reported by the Judge, that *William, Jr.* the tenant, occupied the premises by his "consent and agreement." When *Hall* demanded possession, the tenant might well suppose that it was under his mortgage deed from *Elijah*, and if actually in under *Elijah*, as testified by the latter, the tenant's statement to *Joseph Bean* would not be such a direct assertion of claim as tenant of the freehold, as *necessarily* to exclude any other construction. If so, then, although *Joseph Bean's* testimony should stand uncontradicted, the tenant's plea *may* also stand as not inconsistent with it. If he was not in under *Elijah*, then his declaration to *Joseph* would be evidence against him ; but if he did so hold, as testified by *Elijah*, then his declarations might be susceptible of a construction consistent with his plea. The fact how he held, whether as mere tenant at will under *Elijah*, or as tenant of the freehold, we think, ought to have been settled by the jury, and, accordingly, the default must be taken off and a new trial granted.